**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**

UNITED STATES OF AMERICA
For the use and benefit of ABC SUPPLY INTERIORS, INC. F/K/A L&W SUPPLY CORPORATION

Plaintiff,

vs.

DESTIN DRYWALL & PAINT, INC., GLEN SMITH, AND MARKEL SURETY HOLDING CORPORATION,

Defendants.

**COMPLAINT**
(Non-Jury)

Plaintiff, ABC Supply Interiors, Inc. f/k/a L&W Supply Corporation, complaining of Destin Drywall & Paint, Inc., Glen Smith, and Markel Surety Holding Corporation, respectfully alleges and shows unto the Court as follows.

## PARTIES AND JURISDICTION

1. Plaintiff ABC Supply Interiors, Inc. f/k/a L&W Supply Corporation ("ABC Supply" or "Plaintiff") is a construction material supply company, organized and existing under the laws of Delaware, and is authorized to do business in the State of North Carolina, at all times relevant.

2. Defendant Destin Drywall & Paint, Inc. ("Destin Drywall") is a corporation created and existing under the laws of the State of Texas and, at all times relevant, conducted business in Henderson County, North Carolina.

3. Upon information and belief, Defendant Glen Smith ("Smith") is the owner of Destin Drywall and is an individual citizen and resident of Texas.

4. Defendant Markel Surety Holding Corporation ("Markel Surety") is a corporation created and existing under the laws of the State of Delaware, which furnished a payment bond to Destin Drywall for work provided as alleged herein.

5. This Court has subject matter jurisdiction over this matter pursuant to the Miller Act, 40 U.S.C. §§ 3131, 3133 and 28 U.S.C. § 1331. The Court also has supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this district pursuant to 40 U.S.C. § 3133(b)(3) as the action must be brought in the district in which the work was performed, and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred within this District.

7. Defendants are subject to personal jurisdiction in North Carolina because they transacted businesses in this state.

8. All conditions precedent to bringing this action have occurred or have been waived.

## FACTUAL BACKGROUND

9. ABC Supply brings this suit pursuant to the Miller Act, 40 U.S.C. §§ 3131 *et seq.*, to recover unpaid amounts for materials and supplies ABC Supply furnished to Destin Drywall in connection with improvements performed at Army Reserve Center at 224 Louisiana Ave, Asheville, NC 28806 (the "Project"). In addition to the Miller Act payment bond claim, ABC Supply also brings claims for breach of contract and quantum meruit.

10. On or about July 27, 2000, Destin Drywall executed and delivered to ABC Supply a Credit Application ("Credit Application") to open a business charge account with ABC Supply to rent materials and supplies for construction projects. A redacted copy of the Credit Application

is attached hereto and incorporated herein by reference as **Exhibit A**, which is a true and accurate copy except for the redaction of certain personal financial and/or personal information.

11. Smith signed the Credit Application as a personal guarantor for Destin Drywall.

12. Pursuant to the Credit Application, ABC Supply supplied the requested materials and supplies to Destin Drywall for use on the Project beginning on August 18, 2025.

13. The last date ABC Supply furnished rental materials and supplies to Destin Drywall was June 16, 2026.

14. ABC Supply invoiced Destin Drywall for the same as shown on the attached Account Statement. A true and accurate copy of the Account Statement are attached hereto and incorporated herein by reference as **Exhibit B.**

15. Destin Drywall failed to timely remit payment to ABC Supply despite being invoiced and receiving the benefit of ABC Supply's rental materials and supplies which were actually used for the Project.

16. On April 9, 2026, ABC Supply gave timely notice of its claim to Destin Drywall and demanded that its bond company or surety, Markel Surety, be notified of the same.

17. Plaintiff submitted notice of claim to Markel Surety on April 9, 2026, which is attached hereto and incorporated herein by reference as **Exhibit C.**

18. Despite repeated demand from ABC Supply for payment of the past due amount, Destin Drywall has failed to remit payment of the aforementioned account balance.

19. The Credit Application provides, in pertinent part, for the recovery of interest at the rate of one and one-half percent (1.50%) per month, eighteen percent (18%) per annum, reasonable attorney's fees, costs, and expenses incurred by ABC Supply in the collection of Destin Drywall's account.

20. As of this date of filing, ABC Supply has fully performed all its obligations and provided all required notices to Destin Drywall, Smith, and Markel Surety.

**FOR A FIRST CAUSE OF ACTION**
**(Breach of Contract – Destin Drywall)**

21. ABC Supply realleges and incorporates herein the preceding allegations of its Complaint as if fully stated herein verbatim.

22. Per the Credit Application and later evidenced by the Account Statement, ABC Supply and Destin Drywall entered into a contractual agreement whereby ABC Supply furnished materials and supplies in exchange for payment for the same from Destin Drywall.

23. The Account Statement constitute a valid, binding contract between ABC Supply and Destin Drywall.

24. Pursuant to the Credit Application and later evidenced by the Account Statement, ABC Supply furnished and delivered materials and supplies to Destin Drywall for use in the Project.

25. Destin Drywall has failed to make payment for said materials and supplies and now has incurred a past due balance for the materials supplied by ABC Supply. Destin Drywall's conduct as described in this Complaint, specifically including, but not limited to, non-payment of amounts due and owing to ABC Supply constitutes a Breach of Contract.

26. The outstanding principal balance owed by Destin Drywall pursuant to the Account Statement is **$149,781.28**. *See* **Exhibit B.**

27. ABC Supply has been damaged by Destin Drywall's breach in the principal amount of **$149,781.28**, not including all accrued interest, attorney's fees, or collection costs.

28. Pursuant to the terms of the Guaranty Agreement, ABC Supply is entitled to recover its reasonable attorney's fees, costs, interest accruing at a rate of 1.5% per month (18% per annum), and expenses incurred in the collection of Destin Drywall's account.

29. As a result of Destin Drywall's breach of the Credit Application and the Account Statement, ABC Supply is entitled to an award of damages in the amount of at least **$149,781.28**, plus pre-judgment interest at the rate of one and one-half of one percent (1.50%) per month from 30 days past the due date for each outstanding invoice pursuant to the Credit Application, or, in the alternative, pre-judgment interest at a rate of one percent (1.00%) per month pursuant to N.C.G.S §22C-5, and costs and reasonable attorney's fees.

**FOR A SECOND CAUSE OF ACTION**
**(Breach of Contract/Guaranty –Smith)**

26. Plaintiff hereby realleges and incorporates the allegations set forth above as if fully stated verbatim herein.

27. The Credit Application contained a Personal Guaranty whereby Smith guaranteed Plaintiff the timely payment and performance of all liabilities and obligations of Destin Drywall under the Credit Application. *See* **Exhibit A**.

28. Pursuant to the Credit Application and Personal Guaranty, and later evidenced by the Account Statement, ABC Supply furnished and delivered materials and supplies to Destin Drywall and Smith for use in the Project.

29. The principal outstanding balance owed by Destin Drywall to Plaintiff pursuant to the Credit Application is **$149,781.28.**

30. Destin Drywall has failed to pay the outstanding balances owed to Plaintiff under the Credit Application.

31. Smith, as guarantor for the Credit Application, has failed to pay the outstanding balances owed by Destin Drywall to Plaintiff.

32. All conditions precedent to Plaintiff being entitled to payment in full from Destin Drywall and/or Smith pursuant to the Credit Application and Personal Guaranty have been occurred or have been waived.

33. Despite Plaintiff's demand for payment, Smith has failed to pay Plaintiff the past due principal balance of **$149,781.28**, plus interest that has accrued pursuant to the Credit Application and the General Statutes of North Carolina.

34. Smith owes express and implied contractual duties to Plaintiff pursuant to the Credit Application and Personal Guaranty including, but not limited to, the following:

a. A duty to ensure payment to Plaintiff in a timely fashion;

b. A duty to cooperate with Plaintiff; and

c. A duty to act in good faith with Plaintiff.

35. Smith has breached the Credit Application and Personal Guaranty by his acts and/or omissions, including, but not limited to, the following:

a. Failing to pay Plaintiff in a timely fashion;

b. Failing to pay Plaintiff interest for past due amounts;

c. Failing to cooperate with Plaintiff; and

d. Failing to act in good faith with Plaintiff.

42. As a result of Smith's breaches of the Credit Application and Personal Guaranty, Plaintiff is entitled to an award of damages in the amount of at least **$149,781.28**, plus pre-judgment interest at the rate of one and one-half of one percent (1.50%) per month from 30 days past the due date for each outstanding invoice pursuant to the Credit Application, or, in the

alternative, pre-judgment interest at a rate of one percent (1.00%) per month pursuant to N.C.G.S §22C-5, and costs and reasonable fees. Plaintiff is also entitled to recover any other damages proximately caused by Smith's breaches of contract, including, but not limited to, damage to its reputation, and or damage to its business relationship with its material suppliers and other vendors.

**FOR A THIRD CAUSE OF ACTION**
**(Account Stated – Destin Drywall)**

43. Plaintiff hereby realleges and incorporates the allegations set forth above as if fully stated verbatim herein.

44. Plaintiff provided materials and supplies at Destin Drywall's request.

45. Plaintiff has calculated the balance due on the account as **$149,781.28**, based on its course of dealing and prior transactions with Destin Drywall.

46. Plaintiff timely invoiced Destin Drywall for the material and supplies it provided at their request.

47. Destin Drywall reviewed and accepted Plaintiff's invoices without objection, and has acknowledged the correctness of the invoices.

48. Destin Drywall has promised to pay the amount due by acknowledging the correctness of the account and failing to object to Plaintiff's invoices.

49. As a direct and proximate result of Destin Drywall's failure to pay the amount due on the account, Plaintiff has been damaged in an amount of **$149,781.28**, plus interest and reasonable attorney's fees.

**FOR A FOURTH CAUSE OF ACTION**
**(For the Alternative, Quantum Meruit/Unjust Enrichment – Destin Drywall and Smith)**

50. ABC Supply realleges and incorporates herein the preceding allegations of its Complaint as if fully stated verbatim herein.

51. If the contract between the parties is found to be invalid, ABC Supply is entitled to recover based on the Doctrine of Quantum Meruit/Unjust Enrichment for the value of the materials and supplies supplied to Destin Drywall and Smith.

52. As set forth above, Destin Drywall has failed to pay ABC Supply for the materials and supplies provided to Destin Drywall and Smith, which was used for the Project, and consequently, Destin Drywall and Smith have received a benefit with knowledge of the benefit.

53. Destin Drywall and Smith's failure to fully pay ABC Supply constitutes voluntary acceptance and retention of benefits conferred upon it.

54. The principal value of aforesaid materials supplied by is at least **$149,781.28**.

55. It would be inequitable to allow Destin Drywall and Smith to have the benefit of ABC Supply's materials and supplies without paying the value to ABC Supply. ABC Supply has no adequate remedy of law to protect it, so equitable relief is necessary. ABC Supply has retained the services of the undersigned attorneys to represent it in this matter, the costs of which should be taxed against Destin Drywall and Smith.

## FOR A FIFTH CAUSE OF ACTION
**(Payment Bond Claim – Markel Surety)**

56. ABC Supply realleges and incorporates herein the preceding allegations of its Complaint as if fully stated verbatim herein.

57. Destin Drywall was required by the Miller Act, 40 U.S.C. § 3131(b)(2), to obtain a payment bond to secure payment to those firms performing work and supplying rental materials and supplies to the Project, including ABC Supply.

58. Markel Surety provided the required payment bond to Destin Drywall for the Project.

59. ABC Supply provided rental materials and supplies to the Project pursuant to a direct contractual relationship with Destin Drywall, who was the prime contractor, or contracted with the prime contractor.

60. Destin Drywall, despite repeated written and timely demands, failed and refused to pay ABC Supply the amount of **$149,781.28**, which represents the balance then due and owing for the materials and supplies furnished by ABC Supply for use in the Project.

61. The sum has been due and owing for more than 90 days from the day ABC Supply performed the last furnished or supplied the materials and supplies for which its claim is being made.

62. This Miller Act suit was filed in accordance with 40 U.S.C. § 3133(b) and is commenced within one year from the day on which the last of the labor was performed or material was supplied by ABC Supply.

63. Markel Surety is liable under the Miller Act and the statutory payment bond to pay ABC Supply the sum of no less than **$149,781.28**, together with accrued interest, attorney's fees, and collection costs.

64. ABC Supply has complied with all conditions precedent to its entitlement to enforce its payment bond action.

## RELIEF REQUESTED

**WHEREFORE**, ABC Supply Interiors, Inc. f/k/a L&W Supply Corporation prays for the following relief.

A. Judgment against Destin Drywall & Paint, Inc. pursuant to the First Cause of Action for the outstanding balance of **$149,781.28**, plus contractual interest, costs, and reasonable attorney's fees incurred by ABC Supply Interiors, Inc. f/k/a L&W Supply Corporation in the collection of the account balance due and owing on Destin Drywall & Paint, Inc.'s account;

B. For judgment against Defendant Glen Smith pursuant to Plaintiff's Second Cause of Action in the amount of **$149,781.28** plus interest in the amount one and one-half of one percent (1.50%) per month from 30 days past the due date for each outstanding invoice

C. In the alternative, judgment against Destin Drywall & Paint, Inc. and Glen Smith pursuant to the Third Cause of Action hereof in an amount of at least **$149,781.28**, plus prejudgment interest, costs, reasonable attorneys' fees, and such other relief as provided by North Carolina law;

D. Judgment against Markel Surety Holding Corporation pursuant to the Third Cause of Action for the outstanding balance of **$149,781.28**, plus contractual interest, costs, and reasonable attorney's fees incurred by ABC Supply Interiors, Inc. f/k/a L&W Supply Corporation in the collection of the account balance due and owing on Destin Drywall & Paint, Inc.'s account through its mandatory payment bond(s);

E. Its costs and reasonable attorneys' fees as permitted by the North Carolina law;

F. Prejudgment and post-judgment interest; and

G. The costs of this action and such further relief as the Court may deem just and proper under the circumstances.

Respectfully Submitted,

November 17, 2026

*<u>/s/ Ryan M. Arnold</u>*
Ryan M. Arnold (N.C. Bar No. 52010)
GALLIVAN, WHITE, & BOYD, P.A.
6805 Carnegie Boulevard, Suite 200
Charlotte, NC 28211
(704) 552-1712 (Telephone)
(704) 362-4850 (Fax)
rarnold@gwblawfirm.com
*Attorneys for Plaintiff, ABC Supply Interiors, Inc. d/b/a L&W Supply Corporation*

# <u>EXHIBIT A</u>

#11776

Building Specialties

P.O. BOX 2426
HARLINGEN, TX 78550
PHONE: 210-428-7630
FAX: 210-428-3125

$25M [illegible]

DATE: 7-27-00

# CREDIT APPLICATION

NAME OF BUSINESS: Westar Drywall & Acoust  CITY: Houston
P. O. BOX: —  STREET ADDRESS: 12337 Jones Rd Suite 434  PHONE #: 281-897-7716
COUNTY: Harris  STATE: TX  ZIP: 77070  CAR PHONE #: ______
FAX #: 281-897-9990  PAGER #: ______
CONTRACTOR'S LICENSE: ______  DATE ISSUED: ______  IN BUSINESS SINCE: MONTH May YEAR 93

WE ARE A: ( ) CONTRACTOR ( ) SUBCONTRACTOR ( ) SUB SUBCONTRACTOR
( ) INDIVIDUAL ( ) PARTNERSHIP (X) CORPORATION

PRINCIPAL OWNERS OR STOCKHOLDERS ARE: See Attached

| 1ST PRINCIPAL | | 2ND PRINCIPAL | | 3RD PRINCIPAL | |
|---|---|---|---|---|---|
| SS# | | SS# | | SS# | |
| SPOUSE | | SPOUSE | | SPOUSE | |
| SS # | | SS # | | SS # | |
| STREET | | STREET | | STREET | |
| CITY | STATE | CITY | STATE | CITY | STATE |
| PHONE # | TITLE | PHONE # | TITLE | PHONE # | TITLE |

ANY BANKRUPTCIES: NO
ANY ASSIGNMENTS ON COMPANY: ______

MONTHLY CREDIT REQUIRED $ ______

BANK REFERENCES:

| | |
|---|---|
| ACCOUNT #: See Attached | ACCOUNT #: |
| BANK NAME: | BANK NAME: |
| STREET: | STREET: |
| CITY: STATE: | CITY: STATE: |
| CONTACT: | CONTACT: |

TRADE SUPPLIER WHERE YOU HAVE AN OPEN ACCOUNT:

| | NAME | ADDRESS | CITY STATE, ZIP | PHONE |
|---|---|---|---|---|
| 1. | See Attached | | | |
| 2. | | | | |
| 3. | | | | |

## CREDIT TERMS

THE CUSTOMER REQUESTS THAT L & W SUPPLY CORPORATION, DOING BUSINESS AS BUILDING SPECIALTIES, OR ANY ASSUMED NAME OR FICTITIOUS NAME OR TRADE NAME UNDER WHICH IT TRADES OR DOES BUSINESS, HEREINAFTER KNOWN AS L & W, SELL GOODS ON ACCOUNT IN CONSIDERATION OF WHICH THE CUSTOMER AND L & W AGREE AS FOLLOWS:

THE CUSTOMER SHALL RECEIVE A [illegible] DISCOUNT ON THE REGULAR PRICES CHARGED BY L & W AFTER DEDUCTING TAX AND DELIVERY CHARGES IF SAID ITEMS ARE PAID IN FULL BY THE 10TH OF THE MONTH FOLLOWING PURCHASES. THE CUSTOMER AGREES TO PAY FOR ALL GOODS PURCHASED BY THE ____ OF THE MONTH FOLLOWING PURCHASE.

THE CUSTOMER AGREES TO PAY A SERVICE CHARGE ON THE OUTSTANDING BALANCE FOR WHICH PAYMENT HAS NOT BEEN RECEIVED ACCORDING TO THE TERMS STATED. THE SERVICE CHARGE SHALL BE 1 1/2% PER MONTH OF THE CUSTOMER'S OUTSTANDING BALANCE AND SUCH SERVICE CHARGES SHALL BECOME PART OF THE CUSTOMER'S OUTSTANDING BALANCE.

IN THE EVENT L & W MUST TAKE LEGAL ACTION TO COLLECT THIS ACCOUNT, THE CUSTOMER AGREES TO PAY ALL REASONABLE ATTORNEY'S FEES, COURT COSTS, SHERIFF'S FEES, BOND COSTS, AND LIEN COSTS INCURRED BY L & W.

IF THE CUSTOMER IS NOT A CORPORATION, THE PRINCIPAL OWNERS WILL REMAIN PERSONALLY LIABLE FOR ANY INDEBTEDNESS INCURRED ON THE [illegible] ACCOUNT EVEN IF THEY LATER INCORPORATE, UNLESS THE CUSTOMER SERVES WRITTEN NOTICE OF SAID INCORPORATION BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED, UPON L & W AT THE ABOVE INDICATED ADDRESS. PERSONAL LIABILITY SHALL CONTINUE FOR THE ACCOUNT BALANCE INCURRED BEFORE SUCH NOTICE IS RECEIVED.

THE CUSTOMER WARRANTS THAT IT WILL USE ALL GOODS PURCHASED UNDER THIS ACCOUNT FOR BUSINESS PURPOSES AND THAT THE CUSTOMER IS NOT A CONSUMER AS DEFINED BY ANY APPLICABLE FEDERAL OR STATE USURY LAW.

THE CUSTOMER HEREBY WAIVES ANY RIGHT TO CLAIM CONSEQUENTIAL DAMAGES FOR ANY REASON. IN THE EVENT ANY MATERIAL IS DEFECTIVE, L & W WILL REPLACE SAID DEFECTIVE MATERIAL AND THIS WILL BE THE SOLE REMEDY OF THE CUSTOMER.

07/27/00 11:00 TX/RX NO.8465 P.001

## GUARANTEE

THE UNDERSIGNED FOR CONSIDERATION DO HEREBY PERSONALLY GUARANTEE COLLECTIVELY AND INDIVIDUALLY THE FULL AND IMMEDIATE PROMPT PAYMENT TO L&W, INCLUDING ANY ASSUMED NAME OR FICTITIOUS NAME OR TRADE NAME UNDER WHICH IT TRADES OR DOES BUSINESS, OF ALL INDEBTEDNESS HERETOFORE OR HEREAFTER INCURRED ON THE APPLICANT'S ACCOUNT [illegible] ATTORNEYS FEES AND EXPENSES INCURRED TO ENFORCE THIS GUARANTEE. THIS GUARANTEE SHALL NOT BE AFFECTED BY THE AMOUNT OF CREDIT EXTENDED OR ANY CHANGE IN THE FORM OF INDEBTEDNESS. NOTICE OF EXTENSION OF CREDIT AND ANY RIGHT TO DEMAND THAT L&W PROCEED AGAINST THE PRINCIPAL DEBTOR IS HEREBY WAIVED. THIS GUARANTEE MAY ONLY BE REVOKED BY WRITTEN NOTICE TO L&W AT THE ABOVE ADDRESS. ANY REVOCATION DOES NOT REVOKE THE OBLIGATION OF THE GUARANTORS TO PAY [illegible] FOR PROMPT PAYMENTS FOR INDEBTEDNESS INCURRED PRIOR TO THE REVOCATION, INCLUDING THE PRINCIPAL AMOUNT, INTEREST AND SUCH REASONABLE ATTORNEY'S FEES AS SHALL BE INCURRED UNDER THE CONTRACT OF GUARANTY AND UNDER ANY CONTRACT EVIDENCING THE INDEBTEDNESS GUARANTEED THEREIN.

THE UNDERSIGNED DOES HEREBY AGREE TO THE TERMS OF CREDIT, SERVICE CHARGES, AND FURTHER HEREBY GUARANTEES ALL INDEBTEDNESS AND WAIVES ALL HOMESTEAD EXEMPTION LAWS. THE UNDERSIGNED HEREBY [illegible] BY AND BINDS THE FOREGOING BUSINESS TO THE TERMS IN THE CREDIT APPLICATION AND THE INDIVIDUALS SIGNING BELOW AS TO THE TERMS OF THE GUARANTY ABOVE. THE UNDERSIGNED DOES HEREBY STATE THAT THE INFORMATION IN THIS APPLICATION IS TRUE, AND CORRECT, AND CAN BE RELIED ON BY L&W. THE UNDERSIGNED AUTHORIZES THE INDICATED COMPANIES TO VERIFY SAID INFORMATION UPON REQUEST.

| | | |
|---|---|---|
| SIGNATURE [signature] | SIGNATURE ____ | SIGNATURE ____ |
| DATE 7-27-00 | DATE ____ | DATE ____ |

---

FINANCIAL STATEMENT FOR ____________ DATE ________

| ASSETS | | LIABILITIES | |
|---|---|---|---|
| CASH | $____ | ACCOUNTS PAYABLE | $____ |
| ACCOUNTS RECEIVABLE | $____ | NOTES AND LOANS | $____ |
| INVENTORY | $____ | OTHER | $____ |
| EQUIPMENT | $____ | NET WORTH | $____ |
| ACCUMULATED DEPRECIATION | $____ | TOTAL LIABILITIES | |
| BUILDING AND LAND | $____ | AND EQUITIES | $____ |
| ACCUMULATED DEPRECIATION | $____ | | |
| OTHER ASSETS | $____ | | |
| TOTAL ASSETS | $____ | | |

INCOME STATEMENT FROM ____________ TO ____________

| | |
|---|---|
| SALES | $____ |
| COST OF SALES | |
| MATERIALS | $____ |
| LABOR | $____ |
| OTHER | $____ |
| NET PROFIT BEFORE TAXES | $____ |

---

## AUTHORIZATION TO RELEASE CREDIT INFORMATION

THE UNDERSIGNED DOES HEREBY AUTHORIZE ANY BANK OR TRADE REFERENCE WITH WHOM I AM DOING BUSINESS TO RELEASE CREDIT INFORMATION TO L & W SUPPLY CORPORATION, DOING BUSINESS AS BUILDING SPECIALTIES FOR THE PURPOSE OF ESTABLISHING ELIGIBILITY FOR NEW OR CONTINUED CREDIT.

✓ Cynthia J Wymer 7/27/00
SIGNATURE DATE

Dustin Drywall & Paint, Inc
NAME OF BUSINESS

12337 Jones Rd, Ste 434
ADDRESS

Houston, TX 77070

# DESTIN DRYWALL & PAINT, INC.

12337 Jones Road, Suite 114
Houston, Texas 77070
Phone (281) 897-9716
Fax (281) 897-8990
email: info@destinconstruction.com

## Corporate Information Sheet

| | | | | |
|---|---|---|---|---|
| Type of Business: | Drywall, Paint, & General Construction | | | |
| Incorporated: | May-93 Texas | | | |
| Federal ID: | [redacted] | | | |
| President/CEO | Douglas M. Gilbert<br>207 Meadow Lane<br>Sealy, TX 77474 | [redacted] | | |
| Vice President<br>Secretary/Treasurer | Glen P. Smith<br>14814 Longoak Dr<br>Houston, TX 77070 | [redacted] | | |
| Vice President<br>Asst. Secretary<br>Asst. Treasurer | Chris M. Gilbert<br>12203 Lakewood Valley Ct.<br>Cypress, TX 77429 | [redacted] | | |
| Bank Reference: | Sterling Bank<br>6333 FM 1960 W.<br>Houston, Texas 77069-3804 | | Contact:<br>Phone:<br>Account: | Linda McAdams<br>713-507-2063<br>[redacted] |
| Trade References: | Sprenger Building Center Inc.<br>6811 Hwy 13 South<br>Wisconsin Rapids, WI 54494 | | Contact: | Tom Sprenger<br>715 325 8010<br>Fx 715 325-8008 |
| | Action Gypsum Supply<br>12225 FM 529<br>Houston, TX 77041 | | Contact: | Terry King<br>713 896 4002<br>Fx 713-896-4003 |
| | River City Materials Inc.<br>300 West Monument<br>Jackson, MS 39203 | | Contact:<br>Phone: | Steve Ramsey<br>601 592 6000<br>Fx 601 592 6058 Kimberly or Marsha |
| | Building Specialties<br>3302 Spur 54<br>Harlingen, TX 78550 | | Contact: | Carlos<br>956-428-3126<br>Fx 956-428-3125 Dan |
| | Sherwin Williams<br>8450 Longpoint Rd.<br>Houston, TX 77080 | | Contact: | Doug Rimler<br>832 647 0111 |

[redacted]

# <u>EXHIBIT B</u>

ABC Supply | Interiors

ABC Supply Interiors, Inc.
One ABC Pkwy
Beloit, WI 53511-4466

**Remit To:** ABC Supply Interiors, Inc.
P.O. Box 843224
Dallas, TX 75284-3224

# STATEMENT

**Statement Date:** 10/21/26

**Ship To:** .BOND Army Reserve NOF
710 Crest Rd
Flatrock, NC 28731

**Sold To:** Destin Drywall & Paint
22855 Nichols Sawmill Rd
Hockley, TX 77447



Acct: 137556 Ship-to: 0006 Phone: Fax:

| INVOICE DATE | INVOICE NUMBER | TYPE | GROSS AMOUNT | DISC DATE | DISC AMT | PAYMENT | NET AMOUNT |
|---|---|---|---|---|---|---|---|
| 7297 | | | | | | | |
| 11/04/25 | 1015765398-001 | INVOICE | 2,678.28 | | | 0.00 | 2,678.28 |
| 10/24/25 | 1015787254-001 | INVOICE | 52,921.92 | | | 8,857.49 | 44,064.43 |
| 10/24/25 | 1015787307-001 | INVOICE | 5,465.25 | | | 0.00 | 5,465.25 |
| 10/27/25 | 1015813894-001 | INVOICE | 768.60 | | | 0.00 | 768.60 |
| 10/30/25 | 1015865057-001 | INVOICE | 8,587.29 | | | 0.00 | 8,587.29 |
| 10/30/25 | 1015869768-001 | INVOICE | 2,905.82 | | | 0.00 | 2,905.82 |
| 10/30/25 | 1015877029-001 | CM | -70.62 | | | 0.00 | -70.62 |
| 11/03/25 | 1015898804-001 | INVOICE | 48.42 | | | 0.00 | 48.42 |
| 11/07/25 | 1015933484-001 | INVOICE | 556.40 | | | 0.00 | 556.40 |
| 11/10/25 | 1015981051-001 | INVOICE | 1,155.60 | | | 0.00 | 1,155.60 |
| 11/14/25 | 1015986928-001 | INVOICE | 373.63 | | | 0.00 | 373.63 |
| 11/13/25 | 1015999623-001 | INVOICE | 4,611.60 | | | 0.00 | 4,611.60 |
| 11/14/25 | 1015999676-001 | INVOICE | 2,840.74 | | | 0.00 | 2,840.74 |
| 11/26/25 | 1016029826-001 | INVOICE | 325.89 | | | 0.00 | 325.89 |
| 11/26/25 | 1016043327-001 | INVOICE | 11,273.14 | | | 0.00 | 11,273.14 |
| 11/17/25 | 1016051761-001 | INVOICE | 81.05 | | | 0.00 | 81.05 |
| 12/04/25 | 1016190997-001 | INVOICE | 5,951.31 | | | 0.00 | 5,951.31 |
| 12/05/25 | 1016191039-001 | INVOICE | 5,807.20 | | | 0.00 | 5,807.20 |
| 12/05/25 | 1016227768-001 | INVOICE | 390.71 | | | 0.00 | 390.71 |
| 12/10/25 | 1016250984-001 | INVOICE | 5,483.76 | | | 0.00 | 5,483.76 |
| 12/09/25 | 1016254055-001 | INVOICE | 497.82 | | | 0.00 | 497.82 |
| 12/15/25 | 1016278400-001 | INVOICE | 247.66 | | | 0.00 | 247.66 |
| 12/30/25 | 1016342386-001 | INVOICE | 7,532.07 | | | 0.00 | 7,532.07 |
| 12/17/25 | 1016348335-001 | INVOICE | 665.54 | | | 0.00 | 665.54 |
| 12/18/25 | 1016348389-001 | INVOICE | 4,005.26 | | | 0.00 | 4,005.26 |
| 12/18/25 | 1016351053-001 | INVOICE | 4,270.00 | | | 0.00 | 4,270.00 |
| 12/22/25 | 1016388578-001 | INVOICE | 332.24 | | | 0.00 | 332.24 |
| 12/23/25 | 1016403165-001 | INVOICE | 1,498.85 | | | 0.00 | 1,498.85 |
| 12/30/25 | 1016433861-001 | INVOICE | 1,409.32 | | | 0.00 | 1,409.32 |
| 01/09/26 | 1016472918-001 | INVOICE | 2,555.17 | | | 0.00 | 2,555.17 |
| 01/09/26 | 1016503325-001 | INVOICE | 1,008.79 | | | 0.00 | 1,008.79 |
| 01/09/26 | 1016509192-001 | INVOICE | 603.48 | | | 0.00 | 603.48 |
| 01/09/26 | 1016524678-001 | INVOICE | 1,169.51 | | | 0.00 | 1,169.51 |
| 01/13/26 | 1016533599-001 | INVOICE | 341.87 | | | 0.00 | 341.87 |
| 01/15/26 | 1016564810-001 | INVOICE | 5,551.00 | | | 0.00 | 5,551.00 |
| 01/16/26 | 1016564853-001 | INVOICE | 432.47 | | | 0.00 | 432.47 |
| 01/14/26 | 1016567022-001 | INVOICE | 272.86 | | | 0.00 | 272.86 |
| 01/16/26 | 1016596365-001 | INVOICE | 328.50 | | | 0.00 | 328.50 |
| 01/19/26 | 1016610484-001 | INVOICE | 83.46 | | | 0.00 | 83.46 |
| 01/21/26 | 1016640841-001 | INVOICE | 517.88 | | | 0.00 | 517.88 |

ABC Supply | Interiors

# STATEMENT

**Statement Date:** 10/21/26

ABC Supply Interiors, Inc.
One ABC Pkwy
Beloit, WI 53511-4466

**Remit To:** ABC Supply Interiors, Inc.
P.O. Box 843224
Dallas, TX 75284-3224

**Ship To:** .BOND Army Reserve NOF
710 Crest Rd
Flatrock, NC 28731

**Sold To:** Destin Drywall & Paint
22855 Nichols Sawmill Rd
Hockley, TX 77447



**Acct:** 137556 **Ship-to:** 0006 **Phone:** **Fax:**

| INVOICE DATE | INVOICE NUMBER | TYPE | GROSS AMOUNT | DISC DATE | DISC AMT | PAYMENT | NET AMOUNT |
|---|---|---|---|---|---|---|---|
| 01/21/26 | 1016646978-001 | INVOICE | 968.92 | | | 0.00 | 968.92 |
| 01/29/26 | 1016707754-001 | INVOICE | 7,549.36 | | | 0.00 | 7,549.36 |
| 01/28/26 | 1016712580-001 | INVOICE | 258.95 | | | 0.00 | 258.95 |
| 02/05/26 | 1016801342-001 | INVOICE | 1,177.02 | | | 0.00 | 1,177.02 |
| 02/06/26 | 1016821983-001 | INVOICE | 128.94 | | | 0.00 | 128.94 |
| 02/09/26 | 1016838699-001 | INVOICE | 75.98 | | | 0.00 | 75.98 |
| 02/11/26 | 1016844164-001 | INVOICE | 6,939.61 | | | 0.00 | 6,939.61 |
| 02/17/26 | 1016885857-001 | INVOICE | 2,220.40 | | | 0.00 | 2,220.40 |
| 02/16/26 | 1016909837-001 | INVOICE | 502.76 | | | 0.00 | 502.76 |
| 02/20/26 | 1016936440-001 | INVOICE | 1,923.64 | | | 0.00 | 1,923.64 |
| 04/28/26 | 1017698368-001 | CM | -4,885.45 | | | 0.00 | -4,885.45 |
| 05/11/26 | 1017831684-001 | CM | -3,701.10 | | | 0.00 | -3,701.10 |

| Current Amt | 1-30 Days | 31-60 Days | 61-90 Days | Over 90 Days |
|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 149,781.28 |

**Balance Due** **$149,781.28**

# <u>EXHIBIT C</u>

GWB
GALLIVAN WHITE BOYD
*Complex experience for complex matters*

**W. DUFFIE POWERS**
A member of the South Carolina Bar
dpowers@GWBlawfirm.com

April 9, 2026

**VIA E-MAIL & CERTIFIED U.S. MAIL, RETURN RECEIPT REQUESTED**

Destin Drywall & Paint, Inc.
c/o Corporation Service Co., Registered Agent
2626 Glenwood Avenue, Suite 550
Raleigh, NC 27608
E-mail: john@destinconstruction.com

Walter H. Lee US Army Reserve (US DOD)
Attn: Commanding Officer
224 Louisiana Blvd
Asheville, NC 28806

David Boland, Inc.
c/o Incorp Services, Inc., Registered Agent
176 Mine Lake Drive, Suite 100
Raleigh, NC 27615
E-mail: rick.batdorf@dboland.com

Markel Insurance Company
9500 Arboretum Blvd, Suite 400
Austin, TX
E-mail: commclaims@markel.com

Re: Demand for Payment and Payment Bond Claim of L&W Supply Corporation
Project: Asheville US Army Reserve Center
Address: 224 Louisiana Blvd, Asheville, NC 28806
Bond No.: 4481356
Subcontract No.: 230S024
Amount Due: $157,212.23

To Whom It May Concern:

This firm represents L&W Supply Corporation ("L&W Supply"), which furnished construction materials (including metal framing, drywall, acoustical ceiling systems and related materials) to Destin Drywall & Paint, Inc. ("DDP"), who was at all times relevant hereto was a subcontractor to David Boland, Inc. ("David Boland"), on the Asheville US Army Reserve Center construction project (the "Project") owned and operated by the United States Department of Defense. Please be advised that DDP and David Boland have failed to remit payment as required and the amount of $157,212.23 is currently due and owing to L&W Supply.

The purpose of this letter is to demand payment from DDP, David Boland and Markel Insurance Company and to notify you of L&W Supply's right to immediate payment under the applicable credit application, material delivery tickets and invoices, as well as the North Carolina General Statutes, § 44A-18 and § 44A-27, et. seq., the Federal Miller Act, 40 U.S.C.A. §3131, et. seq. and the aforementioned payment bond.

You are also notified that, under the North Carolina General Statutes, performance of a construction contract in accordance with its provisions entitles providers of construction services to payment. N.C.S.A. § 22C-2. Contractors are obligated to suppliers and sub-contractors within seven (7) days of the contractor's receipt of payment from the owner. § 22C-2. Subcontractors and material suppliers have statutory liens on money received by contractors. § 44A-18. You are further notified of the requirements of § 22C-5 that provide that if payment is delayed by more than seven (7) days following receipt of payment by the contractor or sub-contractor, the contractor or sub-contractor shall pay its sub-contractor interest beginning on the due date at the rate of one percent (1.00%) per month.

If payment of the balance referenced above is not received by **5:00 P.M. on Friday, April 24, 2026**, L&W will commence legal action to collect the full past due balance, incidental damages as well as costs, interest and attorney's fees accrued through the date of any judgment.

Pursuant to N.C.G.S. § 6-21.2, you may avoid the obligation to pay L&W Supply's attorney's fees incurred in the collection of the past due Project balance by paying the full outstanding balance within five (5) business days from the date of mailing this letter. We look forward to receiving payment in full on or before **5:00 P.M. on Friday, April 24, 2026**.

We also request that DDP, David Boland and the Department of Defense provide us with a complete copy of any and all additional payment bond(s) for this Project as soon as possible. Thank you for your prompt attention to this demand and the requests set forth herein.

Sincerely,

GALLIVAN, WHITE & BOYD, P.A.

W. Duffie Powers

WDP/lb